Case 6:01-cv-03156-WMA   Document 40   Filed 05/03/04   Page 1 of 2



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., BRENT MCNUTT, | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | 01-AR-3156-J |
| HALEYVILLE MEDICAL SUPPLIES, INC., et al., | |
| Defendants. | |

## MEMORANDUM OPINION

The court was incorrect in its opinion entered on March 26, 2004, when it said that the deadline for service under Rule 4(m), F.R.Civ.P., was March 24, 2004. In truth, the deadline was March 23, 2004, and had already passed when service was purportedly effected, as is pointed out in the motion to dismiss filed by defendants on April 2, 2004, and orally argued at the court's motion docket on April 16, 2004. When the United States finally got around to notifying the court of its intent to intervene, the court should have entered an order establishing a specific and abbreviated deadline for the filing and serving of a complaint-in-intervention. Under the circumstances, there was no reason to have given the United States 120 additional days to serve defendants.

There is no excuse for the failure by the United States to meet the Rule 4(m) deadline once it had seized on that deadline. But, to order a dismissal without prejudice pursuant to Rule 4(m)

at this late date would only precipitate the filing of a new *qui tam* action. Under the rules of this court, such a new case would automatically be assigned to the undersigned. For this and for no other reason, defendants' motion to dismiss will be denied by separate order. However, if **within ten (10) days** defendants ask for a certification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), the court will enter such an order.

DONE this 3rd day of May, 2004.

/s/ William M. Acker, Jr.
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE